IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

BRANDON APELA AFOA,     )      No. 76130-7-I
    )
           Appellant,     )
    )
          v.     )      PUBLISHED OPINION
    )
WASHINGTON DEPARTMENT OF     )
LABOR AND INDUSTRIES,     )
    )
           Respondent.     )      FILED: May 29, 2018

SCHINDLER, J. — As the result of a compromise between employers and workers, in 1911, the legislature enacted the Industrial Insurance Act (IIA), Title 51 RCW. Employers agreed to pay personal injury claims that were not compensable under common law. In exchange, workers agreed to forfeit common law tort remedies. The IIA gives the worker the right to appeal the decision of the Department of Labor and Industries to the Board of Industrial Insurance Appeals. Either party may appeal the decision of the Board to superior court. In 2013, Brandon Afoa filed a claim for 24-hour-a-day in-home attendant care services. Based on an independent assessment, the Department agreed to 16 hours a day for in-home attendant care services. The Board affirmed the decision. Afoa appealed to superior court and filed a jury demand. The jury found the Board correctly decided that Afoa needed only 16 hours a day for

attendant care services. Afoa seeks reversal of the jury verdict. Afoa claims limiting the record in an IIA appeal to the evidence presented at the Board violates his right to a jury trial under article I, section 21 of the Washington Constitution and the separation of powers doctrine. We reject the argument that the IIA violates the right to a jury trial under article I, section 21 or separation of powers. The legislature had the authority to abolish the common law cause of action for negligence for workers and in its place enact workers' compensation under the IIA. The IIA limits the appeal to superior court to the certified record of the evidence presented to the Board, and under the civil rules the superior court IIA appeal is a special proceeding. We affirm.

Industrial Injury

Brandon Afoa worked at Seattle-Tacoma International Airport for Evergreen Aviation Ground Logistics Enterprises Incorporated. On December 26, 2007, Afoa was severely injured at work. Afoa is a paraplegic with nerve damage to his right arm and hand.

After release from the hospital, the Department of Labor and Industries (Department) paid for 24-hour-a-day in-home attendant care services. When Afoa was stable, the Department reduced in-home attendant care services to 16 hours a day. Afoa's father Mataala Te'o and Afoa's sister Hannah Mulifai provided in-home care services through Maxim Healthcare Services. Te'o provided care for Afoa during the day and Mulifai was available to provide care later in the day and at night.

Denial of Request for Additional In-Home Care Services

In 2013, Afoa filed a claim to increase the amount the Department paid for in-home attendant care services from 16 to 24 hours a day. At the request of the

2

Department, registered nurse consultant Elaine Baker conducted an assessment to determine necessary in-home attendant care services for Afoa. Baker recommended 16 hours a day for in-home attendant care services. The Department issued a notice of decision on January 30, 2014. The Department denied the request to increase in-home attendant care services to 24 hours a day.

Appeal to the Board

Afoa appealed the decision to the Board of Industrial Insurance Appeals (Board). An industrial appeals judge (IAJ) conducted a hearing on the appeal. A number of witnesses testified, including Afoa, Te'o, Mulifai, occupational therapist Christiane Buhl, occupational nurse consultant Kimberly Skoropinski, and registered nurse Baker. The IAJ admitted into evidence the videotaped deposition testimony of Afoa's expert Dr. Paul Nutter.

Occupational therapist Buhl worked with Afoa before his discharge from the hospital to skilled nursing care. Buhl focused on "strengthening his upper extremities, using his right arm, and increasing his time out of bed." Buhl testified that with assistance, Afoa could dress, groom, and feed himself. According to Buhl, Afoa "needed maximum assistance" for 50 to 75 percent of the tasks needed to bathe.

Afoa testified about his injuries and the in-home care services Te'o and Mulifai provide for him. Te'o and Mulifai testified about caring for Afoa.

Occupational nurse consultant Skoropinski testified that initially, Afoa received 24-hour attendant care, but when he "became more stable, care hours were reduced to 16." Skoropinski testified the Department pays "for actual care provided and not for hours that the caregiver is sleeping." Skoropinski described the tasks necessary for the

3

care of Afoa and testified Afoa "needed only 6 hours of attendant care per day, but the Department continues to pay for 16." Skoropinski testified that "care services are not paid for on a per shift basis and the 16 hours per day payment is intended to be spread throughout a 24-hour day."

Registered nurse consultant Baker testified about her assessment of the number of hours Afoa needed for in-home attendant care services. Baker testified the Washington Administrative Code "allow[s] for attendant care to take care of the worker[']s activities of daily living and not chore services."[1] After reviewing the caregiver records, Baker recommended the Department provide 16 hours of attendant care each day. Baker testified that "even . . . if each task were accounted for it would not add up to that amount."

Afoa's expert Dr. Nutter testified that in his opinion, "optimal care would be for [Afoa] to have 24-hour aide services." However, Dr. Nutter admitted he told the Department that "continuously after January 1, 2013 . . . 16 hours of care would be appropriate."

The IAJ affirmed the decision of the Department to deny the request for 24-hour-a-day in-home attendant care services. The IAJ found, "The time necessary to perform these tasks, along with other daily needs, do not come close to a need for the caregivers to be compensated for 24 hours." The IAJ concluded that while Te'o and Mulifai are available throughout a 24-hour period, "their services are not needed constantly through the day." Based on "the present tasks of daily living" and other necessary attendant care, the IAJ concluded the Department "is adequately compensating Mr. Afoa's caregivers with its determination of 16 hours per day" and

---

[1] See WAC 296-23-246.

affirmed the January 30, 2014 Department decision to deny the claim for 24-hour care services.

The proposed decision and order states, in pertinent part:

## FINDINGS OF FACT

. . . .

2. Brandon A. Afoa sustained an industrial injury on December 26, 2007 and as a result has paralysis from T-9[2] down, internal injuries, and right arm nerve damage.

3. The December 26, 2007 industrial injury proximately caused Mr. Afoa to need assistance in activities of daily living along with frequent changing of bags and frequent changes of position in bed.

4. Through January 30, 2014, the assistance Mr. Afoa needed on a daily basis is best quantified as the 16 hours per day for which the Department of Labor and Industries is paying.

## CONCLUSIONS OF LAW

1. The Board of Industrial Insurance Appeals has jurisdiction over the parties and subject matter of this appeal.

2. Brandon A. Afoa's daily level of assistance through January 30, 2014 is at the 16-hour home health aide level pursuant to WAC 296-23-246.

3. The January 30, 2014 order of the Department of Labor and Industries is correct and is affirmed.[3]

The Board adopted the proposed decision and order and denied the petition for review.

Superior Court Appeal

Afoa filed an appeal of the decision and a jury demand in superior court. The Industrial Insurance Act (IIA), Title 51 RCW, governs the appeal of a Board decision to

---

[2] Ninth thoracic vertebra.
[3] Boldface in original.

5

superior court. Because review is de novo, the jury considers only the certified Board record and does not hear new evidence. RCW 51.52.115; Hill v. Dep't of Labor & Indus., 161 Wn. App. 286, 291, 253 P.3d 430 (2011).

The court instructs the jury on the findings of the Board on each material issue. RCW 51.52.115. The findings and decision of the Board are "prima facie correct" and the burden is on the party challenging the decision to support the claim by a preponderance of the evidence. RCW 51.52.115; Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 179-80, 210 P.3d 355 (2009); Ruse v. Dep't of Labor & Indus., 138 Wn.2d 1, 5, 977 P.2d 570 (1999).[4]

In his trial brief, Afoa stated Mulifai would "read her own testimony transcript to the jury." Afoa argued that under CR 43(k), the court should also allow Mulifai to answer questions posed by the jury.[5] The Department filed a motion in limine to preclude Afoa from calling Mulifai to read her testimony to the jury or answering questions posed by the jury. The Department argued that under the IIA, the record on review is limited to the certified Board transcript. The court granted the motion in limine.

During the trial, attorneys and paralegals read testimony from the certified Board record. Afoa also played the videotaped deposition of his expert Dr. Nutter to the jury.

Jury instruction 1 states the jury must consider the evidence that consists only of "the testimony of the witnesses which has been read to you, or provided to you by

---

[4] RCW 51.52.115 provides, in pertinent part, "In all court proceedings under or pursuant to this title the findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same."

[5] CR 43(k) states, "The court shall permit jurors to submit to the court written questions directed to witnesses."

video, from the certified Appeal Board record," as well as the exhibits admitted.[6]  Jury instruction 9 also states:

> The law requires that this case be tried solely on the evidence and testimony that was offered before the Board of Industrial Insurance Appeals.  This means that the parties are not permitted to bring witnesses into court and have them testify before you.  The evidence that you are to consider is limited to that contained in the record.

The court instructed the jury on the material findings and decision of the Board.

Jury instruction 7 states:

> This is an appeal from the findings and decision of the Board of Industrial Insurance Appeals.  The Board made the following material findings of fact:
>
> 1.  Brandon A. Afoa sustained an industrial injury on December 26, 2007 and as a result has paralysis from T-9 down, internal injuries, and right arm nerve damage.
>
> 2.  The December 26, 2007 industrial injury proximately caused Mr. Afoa to need assistance in activities of daily living along with frequent changing of bags and frequent changes of position in bed.
>
> 3.  Through January 30, 2014, the assistance Mr. Afoa needed on a daily basis is best quantified as the 16 hours per day which the Department of Labor and Industries is paying.
>
> By informing you of these findings the court does not intend to express any opinion on the correctness or incorrectness of the Board's findings.

---

[6] Jury Instruction 1 further states:

You are the sole judges of the credibility of the witness.  You are also the sole judges of the value or weight to be given to the testimony of each witness.  In considering a witness's testimony, you may consider these things:  the opportunity of the witness to observe or know the things they testify about; the ability of the witness to observe accurately; the quality of a witness's memory while testifying; the manner of the witness while testifying; any personal interest that the witness might have in the outcome or the issues; any bias or prejudice that the witness may have shown; the reasonableness of the witness's statements in the context of all of the other evidence; and any other factors that affect your evaluation or belief of a witness or your evaluation of his or her testimony.

Jury instruction 8 addresses the burden of proof:

The findings and decision of the Board of Industrial Insurance Appeals are presumed correct. This presumption is rebuttable and it is for you to determine whether it is rebutted by the evidence. The burden of proof is on Brandon Afoa to establish by a preponderance of the evidence that the decision is incorrect.

When it is said that a party has the burden of proof on any proposition, or that any proposition must be proved by a "preponderance" of the evidence, or the expression "if you find" is used, it means that you must be persuaded, considering all the evidence in the case bearing on the question, that the proposition on which that party has the burden of proof is more probably true than not true.

Jury instruction 11 defines "proper and necessary" attendant services:

Attendant services are proper and necessary health care services provided to maintain the injured worker in his or her residence. The Department covers proper and necessary attendant services that are provided consistent with the injured worker's needs, abilities, and safety. Only services that are necessary due to the physical restrictions caused by the accepted industrial injury are covered. Examples of covered services include:
- Bathing and personal hygiene;
- Dressing;
- Administration of medications;
- Specialized skin care, including changing or caring for dressing or ostomies;
- Tube feeding;
- Feeding assistance (not meal preparation);
- Mobility assistance, including walking, toileting and other transfers;
- Turning and positioning;
- Bowel and incontinent care; and
- Assistance with basic range of motion exercises.

Not covered are services that further the everyday environmental needs of the injured worker that are unrelated to the medical care of the injured worker. Examples include: housecleaning, laundry, shopping, meal planning and preparation, transportation of the injured worker, errands for the injured worker, recreational activities, yard work, and child care.

8

The jury found the Board was correct in deciding Afoa needed only 16 hours a day for in-home attendant care services. The jury answered "yes" in response to the following question:

> Was the Board of Industrial Insurance Appeals correct in deciding that through January 30, 2014, the assistance Mr. Afoa needed on a daily basis is best qualified as 16 hours per day?

Motion for New Trial

Afoa filed a motion for a new trial. Afoa argued the IIA violated his state constitutional right to a jury trial under the Washington State Constitution and the separation of powers doctrine. Afoa asserted he was entitled to present the "testimony of his caregivers and of the Department's witnesses, with testimony not limited to that which was heard at the Board of Industrial Insurance Appeals." The superior court denied the motion for a new trial. The court entered judgment on the jury verdict. Afoa appeals.

Constitutional Right to a Jury Trial

Afoa claims the statutory provision of the IIA that limits the evidence in a jury trial to the certified Board record violates his constitutional right to a jury trial guaranteed by article I, section 21 of the Washington Constitution.

Whether a statute is constitutional is a question of law that we review de novo. Kitsap County v. Mattress Outlet, 153 Wn.2d 506, 509, 104 P.3d 1280 (2005). A statute is presumed constitutional. The burden is on the party challenging the statute to prove beyond a reasonable doubt that the statute is unconstitutional. Island County v. State, 135 Wn.2d 141, 146, 955 P.2d 377 (1998); Bird v. Best Plumbing Grp., LLC, 175 Wn.2d

756, 768, 287 P.3d 551 (2012); State ex rel. Peninsula Neigh. Ass'n v. Dep't of Transp., 142 Wn.2d 328, 335, 12 P.3d 134 (2000).

The legislature enacted the IIA in 1911. LAWS OF 1911, ch. 74. The adoption of the IIA "was the product of a grand compromise" between employers and workers. Birklid v. Boeing Co., 127 Wn.2d 853, 859, 904 P.2d 278 (1995); Cowlitz Stud Co. v. Clevenger, 157 Wn.2d 569, 572, 141 P.3d 1 (2006).

Before adoption of the IIA, an injured worker could sue an employer "in only a limited number of cases; cases where the injury is the result of fault on the part of the employer and there is want of fault on the part of the workman." State ex rel. Davis-Smith Co. v. Clausen, 65 Wash. 156, 196, 117 P. 1101 (1911). Under the common law, no remedy at all was afforded "[f]or the greater number of" industrial injuries. Clausen, 65 Wash. at 196.

The IIA is a no-fault compensation system that gives "sure and certain relief" for injured workers "regardless of questions of fault and to the exclusion of every other remedy." RCW 51.04.010. Employers agreed to limited liability "for claims that might not have been compensable under the common law." Cowlitz Stud Co., 157 Wn.2d at 572. "In exchange, workers forfeited common law remedies." Cowlitz Stud Co., 157 Wn.2d at 572.

The legislature created a new system of worker compensation benefits that were unavailable at common law and did not exist before adoption of the IIA in 1911. The legislature made the IIA the exclusive remedy and abolished civil actions for workplace injury negligence. RCW 51.04.010; Clausen, 65 Wash. at 169-70, 175; Dennis v. Dep't

of Labor & Indus., 109 Wn.2d 467, 469-70, 745 P.2d 1295 (1987).[7] RCW 51.04.010 states:

> The common law system governing the remedy of workers against employers for injuries received in employment is inconsistent with modern industrial conditions. In practice it proves to be economically unwise and unfair. Its administration has produced the result that little of the cost of the employer has reached the worker and that little only at large expense to the public. The remedy of the worker has been uncertain, slow and inadequate. Injuries in such works, formerly occasional, have become frequent and inevitable. The welfare of the state depends upon its industries, and even more upon the welfare of its wage worker. The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.

Under the Washington Constitution, the superior court exercises appellate jurisdiction "as may be prescribed by law." CONST., art. IV, § 6. Because the legislature expressly abolished the jurisdiction of state courts over civil actions for workplace injuries, the Department has original jurisdiction under the IIA for workplace injuries. RCW 51.04.010; Dougherty v. Dep't of Labor & Indus., 150 Wn.2d 310, 314, 76 P.3d 1183 (2003). The IIA gives the superior court appellate jurisdiction over Board decisions. RCW 51.52.110; Dougherty, 150 Wn.2d at 314. In Dougherty, the Washington Supreme Court held that under the IIA, state court "original jurisdiction over

---

[7] The statutory bar to sue an employer is subject to two exceptions. Under RCW 51.24.020, an employee may sue the employer for deliberately injuring the employee. Under RCW 51.24.030(1), an employee may sue a third party for personal injury damages.

workplace injuries was abolished when the Washington legislature enacted" the IIA.

Dougherty, 150 Wn.2d at 314.

> The act declared that "all phases of the premises are withdrawn from private controversy . . . and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided."

Dougherty, 150 Wn.2d at 314[8] (quoting LAWS OF 1911, ch. 74, § 1; RCW 51.04.010).

The IIA governs appeals to the superior court from the decision of the Board. RCW 51.52.115 states the superior court acts in an appellate capacity, review is de novo, and the evidence is limited to the certified Board record. City of Bellevue v. Raum, 171 Wn. App. 124, 139, 286 P.3d 695 (2012); Elliott v. Dep't of Labor & Indus., 151 Wn. App. 442, 445-46, 213 P.3d 44 (2009). RCW 51.52.115 gives either party the right to request a jury trial on "the exact findings of the board." Elliott, 151 Wn. App. at 445-46; Lewis v. Simpson Timber Co., 145 Wn. App. 302, 315-16, 189 P.3d 178 (2008). The court or the jury address only issues of law or fact that were included in the notice of appeal to the Board and the proceedings before the Board. RCW 51.52.115; Elliott, 151 Wn. App. at 446. RCW 51.52.115 states:

> Upon appeals to the superior court only such issues of law or fact may be raised as were properly included in the notice of appeal to the board, or in the complete record of the proceedings before the board. The hearing in the superior court shall be de novo, but the court shall not receive evidence or testimony other than, or in addition to, that offered before the board or included in the record filed by the board in the superior court as provided in RCW 51.52.110: PROVIDED, That in cases of alleged irregularities in procedure before the board, not shown in said record, testimony thereon may be taken in the superior court. The proceedings in every such appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced. In all court proceedings under or pursuant to this title the findings and decision of the board shall be prima facie correct and the burden of proof shall be upon

---

[8] Alteration in original.

the party attacking the same. If the court shall determine that the board has acted within its power and has correctly construed the law and found the facts, the decision of the board shall be confirmed; otherwise, it shall be reversed or modified. In case of a modification or reversal the superior court shall refer the same to the department with an order directing it to proceed in accordance with the findings of the court: PROVIDED, That any award shall be in accordance with the schedule of compensation set forth in this title. In appeals to the superior court hereunder, either party shall be entitled to a trial by jury upon demand, and the jury's verdict shall have the same force and effect as in actions at law. Where the court submits a case to the jury, the court shall by instruction advise the jury of the exact findings of the board on each material issue before the court.

RCW 51.52.115 clearly prohibits "evidence or testimony other than, or in addition to," the certified record filed by the Board. " '[C]ounsel for the litigants adopt unique "role playing" capacities and "read" their respective parts to the jury, in the same manner as they would when reading a witness' deposition." Lewis, 145 Wn. App. at 316 (quoting Buffelen Woodworking Co. v. Cook, 28 Wn. App. 501, 503, 625 P.2d 703 (1981)).

Article I, section 21 of the Washington State Constitution states, "The right of trial by jury shall remain inviolate." The statutory prohibition against witness testimony does not violate the state constitutional right to a jury trial.

In Clausen, the Washington Supreme Court held adoption of the IIA was a constitutional exercise of police power. Clausen, 65 Wash. at 177-78, 195. Because the legislature abolished civil actions for workplace injuries when it enacted Title 51 RCW, the court rejected the argument that the IIA violated the right to a jury trial under article I, section 21 of the state constitution. Clausen, 65 Wash. at 210-11, 212. In State v. Mountain Timber Co., 75 Wash. 581, 582-84, 135 P. 645 (1913), the court adhered to the decision in Clausen and rejected the argument that the IIA violated the Seventh Amendment to the United States Constitution and the right to a jury trial under

article I, section 21 of the state constitution. The United States Supreme Court affirmed. Mountain Timber Co. v. State, 243 U.S. 219, 37 S. Ct. 260, 61 L. Ed. 685 (1917). The Supreme Court held the IIA does not violate the Seventh Amendment right to a trial by jury because "[a]s between employee and employer, the act abolishes all right of recovery in ordinary cases, and therefore leaves nothing to be tried by jury." Mountain Timber, 243 U.S. at 235.

Afoa cites Sofie v. Fibreboard Corp., 112 Wn.2d 636, 771 P.2d 711, 780 P.2d 260 (1989), and Dacres v. Oregon Railway & Navigation Co., 1 Wash. 525, 20 P. 601 (1889), to argue that limiting the evidence to the certified Board record violates his state constitutional right to a jury trial. Neither case supports his argument.

In Sofie, the court addressed whether the statute that limited noneconomic damages in a personal injury or wrongful death action, RCW 4.56.250, violated the right to a jury under article I, section 21 of the Washington Constitution. Sofie, 112 Wn.2d at 638. In analyzing the right to a jury trial under article I, section 21, the court examined "the right as it existed at the time of the constitution's adoption in 1889" to determine the scope of the right to a jury for the cause of action. Sofie, 112 Wn.2d at 645. The court held RCW 4.56.250 violated the state constitutional right to a jury determination of the amount of noneconomic damages in a tort cause of action. Sofie, 112 Wn.2d at 648-50. The court states only the jury has the power under the constitution " 'to weigh the evidence and determine the facts—and the amount of damages in a particular case is an ultimate fact.' " Sofie, 112 Wn.2d at 646 (quoting James v. Robeck, 79 Wn.2d 864, 869, 490 P.2d 878 (1971)). "Washington has consistently looked to the jury to determine damages as a factual issue, especially in the area of noneconomic

14

damages," and article I, section 21 protects the jury's role to determine damages. Sofie, 112 Wn.2d at 648.

> The Legislature has the power to shape litigation. Such power, however, has limits: it must not encroach upon constitutional protections. In this case, by denying litigants an essential function of the jury, the Legislature has exceeded those limits.

Sofie, 112 Wn.2d at 651.

By contrast, the court expressly distinguished the holding in Sofie from the IIA. Citing Mountain Timber, 75 Wash. at 583, the Washington Supreme Court states the legislature had the authority to abolish a cause of action and instead, adopt a "mandatory industrial insurance scheme." Sofie, 112 Wn.2d at 651. Therefore, "if the cause of action is completely done away with, then the right to trial by jury becomes irrelevant. Since the right attaches to civil trials, there can be no right—and no constitutional violation—if no civil trial is available." Sofie, 112 Wn.2d at 651.

In Dacres, the court held a statute that allowed an appraiser to determine the value of animals killed or maimed by railroad companies was unconstitutional because the legislature "has no power to deprive any person or corporation of the right of trial by jury in a common-law action" for damages. Dacres, 1 Wash. at 527-29. But unlike in Dacres, the legislature had the authority to abolish the common law civil cause of action for workplace injuries in exchange for adopting a new statutory scheme that gives injured workers "sure and certain relief . . . regardless of questions of fault and to the exclusion of every other remedy." RCW 51.04.010; Clausen, 65 Wash. at 177-78, 195.[9]

---

[9] Afoa also cites Allison v. Department of Labor & Industries, 66 Wn.2d 263, 401 P.2d 982 (1965). Allison did not address the constitutional right to a jury trial or the presentation of witness testimony. In Allison, the Washington Supreme Court held the Department was entitled to a new trial in a worker compensation case because the evidence established two jurors were biased in favor of the plaintiff. Allison, 66 Wn.2d at 265.

15

We hold the IIA and the limitation on presentation of evidence and testimony does not violate the right to a jury trial guaranteed by article I, section 21.

Separation of Powers

Afoa also claims RCW 51.52.115 violates the separation of powers doctrine. Afoa asserts limiting the evidence to the certified Board record conflicts with the civil rule that provides the court shall allow jurors to pose questions to witnesses. See CR 43(k). Because an IIA appeal to superior court is a special proceeding under CR 81(a), we disagree.

Under the separation of powers doctrine, the fundamental function of each branch of government must remain inviolate, and one branch may not threaten the independence or integrity of another. Putman v. Wenatchee Valley Med. Ctr., PS, 166 Wn.2d 974, 980, 216 P.3d 374 (2009).

The judicial branch has the inherent power to promulgate court rules. Putman, 166 Wn.2d at 980. CR 81(a) states the Civil Rules shall govern all civil proceedings "[e]xcept where inconsistent with rules or statutes applicable to special proceedings." In Putman, the court defined "special proceedings" as "those proceedings created or completely transformed by the legislature." Putman, 166 Wn.2d at 982. "This standard protects the separation of powers" doctrine by preserving the right to adopt court rules for traditional actions and allowing "the legislature to set rules for newly created proceedings." Putman, 166 Wn.2d at 982. The court cites as examples of special proceedings "actions unknown to common law (such as attachment, mandamus, or certiorari)" and proceedings "where the legislature has exercised its police power and entirely changed the remedies available (such as the workers' compensation system)."

16

Putman, 166 Wn.2d at 982. The Washington Supreme Court states the IIA " 'took away from the workman his common-law right of action for negligence' and '[i]n its place it provided for industrial insurance,' thereby 'creating the right of the workman to compensation' from the workers' compensation fund." Putman, 166 Wn.2d at 982[10] (quoting Lane v. Department of Labor & Industries, 21 Wn.2d 420, 428, 151 P.2d 440 (1944)).

We hold RCW 51.52.115 does not violate the separation of powers. The superior court did not err in denying Afoa's request to allow the jury to pose questions to witnesses under CR 43(k).

We affirm the judgment on the jury verdict that affirms the decision of the Board.

WE CONCUR:

---

[10] Alteration in original.