[Nos. 11371-0-III; 11567-4-III;   Division Three.   March 14, 1955.]
12803-2-III; 12802-4-III.

*In the Matter of the Detention of*
ROLANDO TORREZ AGUILAR.

THE STATE OF WASHINGTON, *Respondent,* v. ROLANDO
TORREZ AGUILAR, *Appellant.*

*In the Matter of the Personal Restraint of* ROLANDO
TORREZ AGUILAR, *Petitioner.*

## ERRATA

114 Wn. App. at 245, line 15. The name "Turkwila's" should be "Tukwila's."

114 Wn. App. at 644, line 16. The word "Unifrom" should be "Uniform."

111 Wn. App. at 636, line 5 and thereafter. The name "Schultz" should be "Schulz."

104 Wn. App. at 906, line 3. The name "Environmental Protection Act" should be "Environmental Policy Act of 1971."

81 Wn. App. at 738-44, running head at top of page. The P.2d cite should be 916 P.2d 445.

78 Wn. App. at 162, lines 1 and 2 of case caption. The words "DEPARTMENT OF LABOR AND" should be deleted.

77 Wn. App at 596, line 1, and at 596-602, running head at top of page. The year should be 1995.

73 Wn. App. at 521, line 13. The name "*anderson*" should be "*Anderson.*"

73 Wn. App. at 851, line 24. The following words are inserted after the phrase "only after the crime": "is complete cannot be liable as an accomplice for the associate's."

Headnotes, indexes, tables, and other editorial matter prepared by LEXIS Publishing™, Copyright © 2004 by
Matthew Bender & Company, Inc., one of the LEXIS Publishing™ companies. All rights reserved.
LEXIS, NEXIS, *Shepard's* and Martindale-Hubble are registered trademarks, LEXIS Publishing and MICHIE are trademarks, and lexis.com is a service mark of Reed Elsevier Properties, Inc., used under license. Matthew Bender is a registered trademark of Matthew Bender Properties Inc.
Printed and bound by Matthew Bender & Company, Inc., 2004.

*William D. Edelblute,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Sarah Sappington, Assistant,* for respondent.

SWEENEY, J. — A jury found Rolando T. Aguilar to be a sexually violent predator pursuant to RCW 71.09. He makes

six assignments of error: (1) The sexually violent predator statute is void for vagueness. (2) The statute violates the equal protection clause of the fourteenth amendment to the United States Constitution. (3) The initial detention and evaluation violated CR 35. (4) The initial detention and evaluation process violated his right to procedural due process guaranteed under the statute. (5) The opinion of the State's expert was not generally accepted within the scientific community and therefore did not meet the *Frye*[1] test. (6) And finally the court erred in denying a new trial based on misconduct of the assistant attorney general during closing argument. Mr. Aguilar also filed personal restraint petitions on three previous criminal convictions. We remand for consideration of less restrictive alternatives to total confinement, but otherwise affirm the decision and dismiss the personal restraint petitions.

## FACTS AND PROCEDURAL BACKGROUND

On September 24, 1990, the State presented ex parte a petition for determination of probable cause claiming that Mr. Aguilar was a sexually violent predator as defined by RCW 71.09.020. The certification accompanying the petition briefly detailed Mr. Aguilar's past convictions for sexually violent offenses, his sexual misconduct while incarcerated, and a psychological evaluation. Without further notice to Mr. Aguilar or a hearing, the court granted the petition and entered an order committing him to the Special Commitment Center (SCC) of the Department of Social and Health Services.

Mr. Aguilar was transferred from prison to the SCC for psychological evaluation pursuant to RCW 71.09.040.[2] Fol-

---

[1] *Frye v. United States*, 293 F. 1013, 34 A.L.R. 145 (D.C. Cir. 1923).

[2] That statute provides in part:

"Upon the filing of a petition under RCW 71.09.030, the judge shall determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator. If such determination is made the judge shall direct that the person be taken into custody and the person shall be transferred to an appropriate facility for an evaluation as to whether the person is a sexually violent predator."

lowing his transfer, Mr. Aguilar signed a release authorizing the SCC access to his Department of Corrections files. He also signed a document waiving any patient privilege and agreeing to permit videotaping of his therapy sessions.

Prior to his trial, Mr. Aguilar moved in limine to exclude, among other things, all information gathered during his detention at the SCC, including the Department of Corrections records, evaluations by the State's primary expert witness, Dr. Leslie Rawlings, and the videotapes of his evaluation at the SCC. His motion was denied.

At trial, the State presented substantial testimony, including that of the SCC employees, of Mr. Aguilar's long and sordid history of bizarre and abusive sexual behavior. The State also presented the testimony of Dr. Rawlings, an expert on the question of sexual offender recidivism. Dr. Rawlings testified that in his opinion Mr. Aguilar was predisposed to engage in sexually violent acts in the future. His opinions were based on police reports (including statements of victims), documents from the Department of Corrections, progress reports from the SCC, psychological test data from the SCC, and diagnostic interviews videotaped during Mr. Aguilar's detention at the SCC. Mr. Aguilar testified in his own behalf that his problems were the result of association with the wrong kind of people and abuse of drugs and alcohol. During rebuttal argument, the assistant attorney general commented that defense counsel is "contending that every witness that you heard, everybody is lying but Mr. Aguilar. I will let you be the judge". Mr. Aguilar objected and the court sustained the objection, after initially overruling it.

The jury found Mr. Aguilar to be a sexually violent predator and the court committed him to the SCC "until such time as [Mr. Aguilar's] mental abnormality or personality disorder has so changed that [he] is safe to be at large."

### DISCUSSION

Of the six assignments of error raised by Mr. Aguilar, two — that the statute is void for vagueness and violates his right to equal protection of laws — are answered by *In re Young*, 122 Wn.2d 1, 59, 857 P.2d 989 (1993). *Young* held

that the sexually violent predator statute is not void for vagueness and satisfies equal protection guaranties if the court considers less restrictive alternatives to total confinement when it passes judgment. *Young*, at 47. Here, the trial court did not indicate on the record that it had considered less restrictive alternatives, the State concedes under *Young* that it must, and we therefore remand for further consideration of that issue. We address the remaining issues in order.

■ Mr. Aguilar contends the ex parte probable cause hearing violated CR 35 and procedural due process guaranties, and insists that all evidence obtained by the tainted procedure (including all evidence obtained at the SCC) must be excluded. CR 35 provides that an order to submit to a physical or mental examination must be made on a motion for good cause shown and the person to be examined must receive notice. CR 35(a). Statutory procedural rules for special proceedings, however, supersede general civil rules such as CR 35(a). CR 81;[3] *Schumacher Painting Co. v. First Union Mgmt. Inc.*, 69 Wn. App. 693, 700, 850 P.2d 1361, *review denied*, 122 Wn.2d 1013 (1993). The special proceedings for sexually violent predator petitions found in RCW 71.09.030 and .040, accordingly, supersede CR 35.

RCW 71.09.030 provides, in part, that

> [w]hen it appears that: (1) The [sentence] of a person who has been convicted of a sexually violent offense is about to expire, or has expired on, before, or after July 1, 1990; . . . and it appears that the person may be a sexually violent predator, the prosecuting attorney of the county where the person was convicted or charged or the attorney general if requested by the prosecuting attorney may file a petition alleging that the person is a "sexually violent predator" and stating sufficient facts to support such allegation.

---

[3]CR 81 provides:

"(a) **To What Proceedings Applicable.** Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings. Where statutes relating to special proceedings provide for procedure under former statutes applicable generally to civil actions, the procedure shall be governed by these rules.

"(b) **Conflicting Statutes and Rules.** Subject to the provisions of section (a) of this rule, these rules supersede all procedural statutes and other rules that may be conflict."

Upon the filing of a petition under RCW 71.09.030, the judge shall determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator. RCW 71.09.040. The court must conduct a trial within 45 days after the filing of the RCW 71.09.030 petition in order to determine whether the person is a sexually violent predator. RCW 71.09.050.

■ Although RCW 71.09.040 does not require that the court provide the defendant an opportunity to appear in person and respond to the petition for commitment (as does the mental health statute, RCW 71.05), *Young* held that the risk of wrongful detention required a notice and hearing within 72 hours of detention at the psychological evaluation center. *Young*, at 46. Mr. Aguilar did not receive notice or a hearing within 72 hours of his commitment to the SCC. Even assuming denial of his due process right to a hearing, however, reversal is required only if the omission affected the ultimate outcome of his trial. *Young*, at 46-47.

Mr. Aguilar fails to show in what way he was prejudiced by his inability to contest the State's probable cause showing. His prior offenses, sexual misconduct while incarcerated, and psychological evaluation contained in the certification for probable cause were substantial, verifiable facts amply supporting his commitment for evaluation. He moreover contested none of the information included in the certification. The failure to provide a hearing is therefore harmless. *Young*, at 46-47.

■ Mr. Aguilar next contends no proper foundation was laid for admission of Dr. Rawlings' expert opinion. He asserts that both clinical and empirical research have yielded "equivocal" results in predicting the likelihood of future sexual violence based on past assaults and the presence of certain personality disorders. Petitioners Young and Cunningham raised the same issue in *Young*, and the court there held that predictions of future dangerousness are sufficiently accurate and reliable, "despite the inherent uncertainties of psychiatric predictions". *Young*, at 56.

■ Whether expert testimony is admissible is within the sound discretion of the trial court. *Young*, at 57; *State v.*

*Ortiz,* 119 Wn.2d 294, 310, 831 P.2d 1060 (1992). An expert's opinion is admissible if the witness qualifies as an expert and the testimony would be helpful to the trier of fact. ER 702; *State v. Cauthron,* 120 Wn.2d 879, 890, 846 P.2d 502 (1993). Dr. Rawlings' qualifications are not in dispute.[4] Further, his diagnosis of Mr. Aguilar's antisocial personality disorder and opinion of the likelihood Mr. Aguilar would be sexually violent in the future were central to the issues of this case.

Finally, Mr. Aguilar contends a comment made by the assistant attorney general (AAG) during closing argument constituted prosecutorial misconduct. The AAG remarked that Mr. Aguilar's counsel was contending every State witness was lying. When Mr. Aguilar's counsel objected, the court overruled, stating the remark was "argument", and that the jury must decide the case based on the facts and law. Upon reflection, the court later sustained the objection and stated the AAG's characterization of the defense argument was "unfair". Mr. Aguilar did not request a curative instruction.

The defendant bears the burden of establishing prosecutorial misconduct and its prejudicial effect. *State v. Russell,* 125 Wn.2d 24, 85, 882 P.2d 747 (1994), *cert. denied* 115 S.Ct. 2004, 131 L. Ed.2d 1005 (1995). Here, the State concedes that the AAG's characterization of the defense argument was improper in light of *State v. Barrow,* 60 Wn. App. 869, 875-76, 809 P.2d 209 (remark during closing argument that the defendant was calling the officers liars held to be misconduct), *review denied,* 118 Wn.2d 1007 (1991). Prosecutorial misconduct requires reversal, however, only if there is a substantial likelihood the misconduct affected the jury's verdict. *State v. Padilla,* 69 Wn. App. 295, 301, 846 P.2d 564 (1993). Mr. Aguilar's objection to the remark and the court's eventual decision to sustain the objection dispelled any prejudicial impact.

---

[4]Dr. Rawlings was one of the psychologists whose expert testimony was challenged and approved in *Young.*

Mr. Aguilar's three personal restraint petitions — seeking to withdraw his guilty pleas for third degree rape, attempted second degree rape, and second degree rape — were filed from 4 to 12 years after final judgment and are therefore barred.

A collateral attack on a judgment, including a personal restraint petition, is barred beyond 1 year after the judgment becomes final if the judgment and sentence are valid on their faces and were rendered by a court of competent jurisdiction. RCW 10.73.090(1), (2); *State v. Clark*, 75 Wn. App. 827, 830, 880 P.2d 562 (1994). Mr. Aguilar's claims of incompetency, denial of specific performance of the guilty plea, and failure to understand English at the time of the pleas are not within the exceptions to the 1-year rule found in RCW 10.73.100.[5]

The adjudication of sexually violent predator is affirmed and the judgment is remanded only for consideration of less restrictive alternatives to total confinement. The three personal restraint petitions are dismissed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.

---

[5]The exceptions listed in RCW 10.73.100 include the following: (1) newly discovered evidence; (2) the conviction was based on an unconstitutional statute; (3) the conviction was barred by double jeopardy; (4) the defendant pleaded not guilty and the evidence was insufficient to support the conviction; (5) the sentence was excessive; and (6) there has been a significant substantive or procedural change in the law which is material to the conviction.