89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Morris O'DELL, Petitioner-Appellant,
v.
Eldon VAIL, Respondent-Appellee.
 No. 95-35475.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Morris O'Dell, a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. The district court dismissed O'Dell's petition with prejudice after concluding that his claims were unexhausted and that he had procedurally defaulted on all of his claims. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We may affirm on any ground supported by the record even if it differs from the rationale of the district court. Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995), cert. denied, 116 S.Ct. 718 (1996). We affirm.
 
 
 3
 A state prisoner must exhaust all available state remedies before a federal court may consider the merits of his habeas corpus petition. See 28 U.S.C. § 2254(b) (1988); Rose v. Lundy, 455 U.S. 509, 515 (1982). The exhaustion requirement is not satisfied when the petitioner's claims are presented in a procedurally deficient manner. Castille v. Peoples, 489 U.S. 346, 351 (1989). If it is clear that the petitioner's claims can no longer be presented to the highest state court because they are procedurally barred, the exhaustion requirement is satisfied, but the claims are procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991). Whenever the state court would find a federal claim barred pursuant to an independent and adequate state rule, federal review of that claim is barred absent a showing of cause and prejudice or a fundamental miscarriage of justice. Id. at 750; Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir.1993). In order to demonstrate a fundamental miscarriage of justice, the petitioner must supplement his claim of constitutional error with a colorable showing of factual innocence. Noltie, 9 F.3d at 806.
 
 
 4
 Under Washington law, a petitioner must normally bring a petition for collateral attack on a judgment and sentence within one year after the judgment becomes final. See Wash.Rev.Code § 10.73.090 (1990). The one-year limitation, however, does not apply to a claim of double jeopardy. See Wash.Rev.Code § 10.73.100(3) (1990). Washington's one-year time limit for bringing a petition for collateral attack, and its exceptions to the one-year limit, are mandatory. See Aguilar v. Washington, 892 P.2d 1091, 1094 (Wash.Ct.App.1995).
 
 
 5
 Here, O'Dell raised six claims in his habeas petition to the district court. O'Dell raised his six claims, however, to the Washington Supreme Court in a procedurally deficient manner and is now procedurally barred from raising these six claims in a petition for collateral attack. See Wash.Rev.Code § 10.73.090; Aguilar, 892 P.2d at 1094. Although O'Dell characterizes his sixth claim as a double jeopardy claim, he actually challenges his sentence enhancement and does not make out a double jeopardy claim. See Washington v. Caldwell, 734 P.2d 542, 543 (Wash.Ct.App.1987). Because none of the exceptions to the one-year time limitation apply to any of O'Dell's six claims, O'Dell procedurally defaulted on all of his claims. See Wash.Rev.Code § 10.73.100; Coleman, 501 U.S. at 735 n. 1
 
 
 6
 O'Dell contends that he has good cause for his procedural default because of inadequate access to the prison law library, misinformation provided by a clerk of the Washington Supreme Court, and his counsel's failure to quickly provide him with a copy of the Washington Court of Appeals' decision. These contentions are without merit. O'Dell failed to demonstrate how the alleged inadequate access to the law library or the alleged misinformation prevented him from timely filing his petition for review to the Washington Supreme Court. Additionally, the fact that O'Dell's attorney allegedly failed to quickly provide him with a copy of the Washington Court of Appeals' decision does not constitute cause to excuse his default. O'Dell received a copy of the decision well before the time for filing a petition for review had expired. O'Dell failed to indicate how his attorney's actions prevented him from timely filing a petition for review or a timely motion for extension of time. Furthermore, O'Dell has not demonstrated a fundamental miscarriage of justice because he failed to make out a colorable showing of factual innocence. See Noltie, 9 F.3d at 805.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because O'Dell has not demonstrated cause for his procedural default, we need not decide whether he has demonstrated prejudice. See Thomas v. Lewis, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991)