108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric Lee ERICKSON, Petitioner-Appellant,
v.
Kurt PETERSON, Respondent-Appellee.
 No. 96-35187.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Lee Erickson, a Washington state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. Erickson contends that: (1) his counsel was ineffective for failing to make him aware of his constitutional rights at the plea proceeding; (2) the state court improperly failed to make him aware of his rights at the plea proceeding; (3) his guilty plea was not voluntary and intelligent because of his mental retardation; (4) his right to be free from self-incrimination was violated by the use of a polygraph examination; and (5) the police failed to read him his Miranda rights. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of Erickson's section 2254 petition, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Erickson contends that the district court erred by refusing to review his first through fourth claims on the grounds that they were procedurally defaulted.
 
 
 4
 If a state court decision rests on a state law ground that is independent of the federal issue and adequate to support the judgment, federal habeas review is precluded. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). If the state court's opinion clearly and expressly states that it is based on a state procedural rule and that rule is consistently applied, its decision rests on an adequate and independent state ground. See id. at 735-36. When a state law default prevents the state court from reaching the merits of a federal claim, a federal court must forego the exercise of its habeas corpus power unless the petitioner can show cause for failing to meet the state procedural requirement and actual prejudice. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991).
 
 
 5
 Under Washington law, a prisoner seeking to file a personal restraint petition must do so within one year after the judgment in his case becomes final. See Wash.Rev.Code § 10.73.090 (Wash.1996); see also Aguilar v. Washington, 892 P.2d 1091, 1094-95 (Wash.Ct.App.1995).
 
 
 6
 Here, Erickson filed his personal restraint petition in the Washington Court of Appeals over one year following his conviction and sentence. Accordingly, his petition was untimely. See Wash.Rev.Code § 10.73.090. Both the Washington Court of Appeals and the Washington Supreme Court noted that Erickson's claims were barred on the basis of his untimely petition and because he did not assert why the time limit should not apply in his case. See Wash.Rev.Code § 10.73.100 (1996) (articulating exceptions to one-year time limit). Erickson has similarly failed to present to this court reasons why the bar should not apply, nor has he shown cause or prejudice for his failure to file a timely petition in the state court. See Ylst, 501 U.S. at 801. Because the state courts' refusal to review Erickson's claims rests on an independent and adequate state ground, we shall not review Erickson's first through third claims in this federal habeas proceeding. See id.; Coleman, 501 U.S. at 729-30.[1]
 
 
 7
 Because Erickson did not present his fourth claim to the state courts, it is unexhausted. See Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275 (1971). Erickson is now time-barred from returning to state court with his claim, see Wash.Rev.Code § 10.73.090, and he has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if the claim is not reviewed. See Coleman, 501 U.S. at 750. Accordingly, we will not review the claim in this proceeding. See id.
 
 
 8
 Erickson contends that the police violated his Miranda rights when they first interviewed him regarding his offenses.
 
 
 9
 As with his fourth claim, Erickson failed to present this claim to the Washington Supreme Court and is now barred from doing so. Because he has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if the claim is not reviewed, we will not review the claim. See Coleman, 501 U.S. at 750; Picard, 404 U.S. at 275.
 
 
 10
 Accordingly, the district court's judgment is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, to the extent Erickson requests oral argument, his request is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Accordingly, Erickson's contention that the district court should have granted an evidentiary hearing regarding the sentencing court's reference to a psychological report that included the results of a polygraph examination is without merit. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991)