96 P.3d 1004 (2004)
In re the DETENTION OF Harm Leroy MEINTS.
No. 28228-3-II.
Court of Appeals of Washington, Division 2.
August 31, 2004.
*1005 Robert Timothy Crandell, Malcolm Ross, Attorney Generals Office, Seattle, WA, for Respondent.
James Lewis Reese, Port Orchard, WA, for Appellant.
QUINN-BRINTNALL, C.J.
Harm Leroy Meints appeals from an order committing him for treatment as a sexually violent predator (SVP) under chapter 71.09 RCW.
Meints challenges the trial court's CR 35 order requiring that he submit to a mental examination and its ruling excluding evidence of his mental state when he refused to comply with the order. Ten months after Meints' commitment, our Supreme Court ruled that CR 35 cannot be used to obtain a mental examination of a respondent in a SVP proceeding. In re Detention of Williams, 147 Wash.2d 476, 491, 55 P.3d 597 (2002), The State asks that we apply the Court of Appeals decision, In re Detention of Williams, 106 Wash.App. 85, 22 P.3d 283 (2001), to Meints' case.
The Supreme Court's opinion in Williams overruled the Court of Appeals and controls our decision in this case. CR 35 does not provide for additional mental health examinations in SVP cases. The trial court's order excluding Meints' evidence in his SVP proceeding for refusing to comply with its CR 35 order was error. Accordingly, we reverse and remand for a new trial.

FACTS
On December 11, 2000, just days before Meints completed his prison's Sex Offender Treatment Program, the State filed a petition alleging that Meints was a SVP and requesting that he be committed to the custody of the Department of Social and Health Services in a secure facility for control and care. On December 14, 2000, Meints stipulated that there was probable cause to find that he was a SVP.[1] This stipulation allowed the trial court to order an evaluation to determine whether Meints fit the statutory definition of a SVP. Former RCW 71.09.020(1) (1995). Dr. Linda Thomas, a psychologist appointed *1006 to evaluate Meints, issued a report finding that Meints fit the statute's criteria of a SVP.
The State also consulted with other qualified psychologists, including Dr. Charles Lund, to determine whether Meints met the SVP criteria for commitment.
On April 12, 2001, the State moved for a mental examination under CR 35. On April 30, 2001, the trial court granted the State's motion and ordered Meints to submit to a face-to-face mental examination by Lund. Two days later, Meints refused to meet with Lund to participate in the ordered examination.[2] The State moved for sanctions, which the trial court granted on June 1, 2001. Finding that Meints willfully failed to comply with the court's CR 35 discovery order, the trial court excluded Meints' expert's testimony on whether he was a SVP.
Meints waived his right to a jury trial and agreed to present the case to the bench on the pleadings. The court found that Meints was a SVP and ordered that he be committed.
Meints appeals the court's CR 35 order and sanctions for his failure to comply and requests that he be granted a new hearing.

ANALYSIS
SVP PROCEEDINGS UNDER CHAPTER 71.09 RCW
Three months before the end of an inmate's sentence for a sexually violent offense, the Department of Corrections may refer an individual to the prosecuting attorney to determine whether the individual is a SVP and meets the criteria for confinement of a SVP. Former RCW 71.09.025(1)(a) (1995). The prosecuting attorney decides whether to file a SVP petition. RCW 71.09.030. When a SVP petition is filed, "the judge shall determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator." RCW 71.09.040(1). If probable cause is found, the judge "shall direct that the person be transferred to an appropriate facility for an evaluation as to whether the person is a sexually violent predator." Former RCW 71.09.040(4) (1995). After the evaluation, "the court shall conduct a trial to determine whether the person is a sexually violent predator." RCW 71.09.050(1).
The SVP statute, chapter 71.09 RCW, is civil in nature. In re Personal Restraint of Young, 122 Wash.2d 1, 23, 857 P.2d 989 (1993). The civil rules "govern the procedure in the superior court in all suits of a civil nature" with the exceptions set out in CR 81. CR 1. In general civil proceedings, CR 35 provides for court-ordered mental examinations if the mental condition of the party is at issue. CR 35(a)(1). CR 35 reads:
When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical examination by a physician, or mental examination by a physician or psychologist or to produce for examination the person in the party's custody or legal control.
CR 35(a)(1). But if the proceedings at issue are special proceedings requiring different procedures for mental examinations, then CR 81 governs. CR 81 provides:
Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings. Where statutes relating to special proceedings provide for procedure under former statutes applicable generally to civil actions, the procedure shall be governed by these rules.
CR 81(a). Thus, under CR 81, if the SVP statute, chapter 71.09 RCW, provides for special proceedings inconsistent with the general civil rules and includes a separate process for ordering mental examinations on a party, the State may not use CR 35 to obtain an additional mental examination.
In Williams, our Supreme Court held that chapter 71.09 RCW provides for mental evaluations of a person who has been committed *1007 as a SVP only after probable cause has been determined or when a person committed as a sexually violent predator files a petition for conditional release or unconditional discharge. Williams, 147 Wash.2d at 488-91, 55 P.3d 597. Applying the statutory canon expressio unius est exclusion alterius, to express one thing in a statute implies the exclusion of another, our Supreme Court has ruled that CR 35 is inconsistent with the special proceedings in chapter 71.09 RCW. Williams, 147 Wash.2d at 491, 55 P.3d 597. The legislature expressly provided procedures for special mental health evaluations in the SVP statute and did not intend to allow for additional CR 35 examinations during pretrial discovery. Williams, 147 Wash.2d at 491, 55 P.3d 597.
Relying on Williams, 147 Wash.2d 476, 55 P.3d 597, Meints argues that the trial court here improperly sanctioned him for refusing to comply with an order that he submit to an unauthorized mental health examination under CR 35. We agree. The State essentially concedes that the Supreme Court's decision in Williams precludes using CR 35 but only in its future requests for SVP mental health examinations. It argues that the Williams opinion issued by the Court of Appeals should control Meints' case.
The State argues that trial courts were entitled to rely on the Court of Appeals opinion in Williams, 106 Wash.App. 85, 22 P.3d 283, until the Supreme Court issued its contrary decision. The State cites In re Detention of Smith, 117 Wash.App. 611, 616-17, 72 P.3d 186 (2003), in support of this argument. We decline to follow Smith and note that Meints' trial court issued the CR 35 order on April 30, 2001, one week before Division One issued its Williams opinion.
Moreover, two prior cases had found that CR 35 was inconsistent with chapter 71.09 RCW: In re Detention of Broer, 93 Wash. App. 852, 957 P.2d 281 (1998) (Division One); In re Detention of Aguilar, 77 Wash.App. 596, 892 P.2d 1091 (1995) (Division Three). In Broer and Aguilar, Divisions One and Three, respectively, had found that the State was not required to show "good cause" under CR 35 because CR 35 was inconsistent with chapter 71.09 RCW. Broer, 93 Wash.App. at 864, 957 P.2d 281 (SVP proceedings are special under CR 81 and CR 35 good cause requirement inconsistent with probable cause requirement in chapter 71.09 RCW); Aguilar, 77 Wash.App. at 600, 892 P.2d 1091 (SVP proceedings in chapter 71.09 RCW supercede CR 35).
Thus, the controlling precedent at the time Meints' trial court issued the CR 35 order was Broer and Aguilarthat chapter 71.09 RCW was inconsistent with CR 35 and that a trial court could not order an additional CR 35 examination; the Court of Appeals decision in In re Detention of Williams, 106 Wash.App. 85, 22 P.3d 283 (2001), was not controlling here.
More important, when the Supreme Court interprets a statute for the first time, we presume that such interpretation is effective from the date of the statute's enactment. Overton v. Econ. Assistance Auth., 96 Wash.2d 552, 558, 637 P.2d 652 (1981) ("[W]here the [Supreme Court] has not previously interpreted the statute to mean something different and where the original enactment was ambiguous such to generate dispute as to what the legislature intended, the subsequent amendment shall be effective from the date of the original act, even in the absence of a provision for retroactivity."). This rule applies with equal force to interpretations of court rules. City of Seattle v. Guay, 150 Wash.2d 288, 300, 76 P.3d 231 (2003).
Accordingly, here, the State cannot rely on the Court of Appeals decision in Williams (allowing for the use of CR 35 to obtain mental health examinations in SVP proceedings). In addition to having been filed one week after the trial court order at issue here, the Williams decision was inconsistent with two other appellate court decisions and has since been supplanted by the Supreme Court's contrary controlling decision in In re Detention of Williams, 147 Wash.2d 476, 55 P.3d 597 (2002).
Because chapter 71.09 RCW is a special proceeding, the trial court erred when it granted the State's request to compel Meints to submit to an additional CR 35 mental health examination. The trial court also improperly *1008 sanctioned him by refusing to allow him to present evidence on the central issue at trial when he did not comply with the improper order.
We reverse Meints' commitment order and remand for further proceedings.[3]
We concur: HOUGHTON and HUNT, JJ.
NOTES
[1] In March 1979, when Meints was thirteen years old, he engaged in sexual acts with a four-year-old victim. Meints pleaded guilty to an indecent liberty charge and was sentenced to serve 8-12 weeks in a juvenile detention facility. Around June 1993, K.H. told his mother that between July 1990 and December 1991, Meints took several nude photographs of young boys while acting as a live-in babysitter. Also in June 1993, F.F. and T.F. reported that Meints had taken nude photographs of them and had molested them. Meints was convicted of first degree child molestation.
[2] According to the State, Meints has never participated in an in-person interview on the issue of whether he meets the criteria for a SVP.
[3] Meints raises several other issues on appeal relating to the CR 35 mental examination order and sufficiency of the evidence of his sexual deviancy. Because these issues are not likely to recur on retrial and jeopardy does not attach to civil commitment proceedings, we do not address them. Kansas v. Hendricks, 521 U.S. 346, 371, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997).