# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DONOVAN ALLEN, | No. 54172-6-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, | PUBLISHED OPINION |
| Respondent. | |

LEE, C.J. — Donovan Allen appeals the trial court's order granting summary judgment in favor of the State, which dismissed his claim under the Wrongly Convicted Persons Act (WCPA), chapter 4.100 RCW. Allen spent 13 years in prison for a crime that deoxyribonucleic acid (DNA) later proved he did not commit. He subsequently sued the City of Longview and several City employees, and he settled that lawsuit for $3 million. Just before settling with the City, Allen brought a WCPA claim against the State, which the trial court subsequently dismissed under RCW 4.100.080 because he already had received a remedy. Allen argues that the trial court erred by applying CR 56 procedures for summary judgment to his WCPA claim and by granting summary judgment because the State was not entitled to judgment as a matter of law.

We hold that the trial court did not err by applying CR 56 procedures for summary judgment to Allen's WCPA claim. We also hold that the trial court did not err in granting summary judgment because Allen does not have a viable WCPA claim as a matter of law. Accordingly, we affirm the trial court's order granting summary judgment.

FACTS

A.    ALLEN'S CONVICTION, DISMISSAL, AND SETTLEMENT WITH THE CITY OF LONGVIEW

In October 2002, Allen was convicted of first degree murder.  He was sentenced to life in prison without the possibility of parole.

In May 2015, the Washington State Patrol Crime Lab conducted post-conviction DNA testing on various items of evidence in Allen's case.  The testing excluded Allen as the source of DNA found at the scene of the crime.  Based on the new exculpatory DNA evidence, Allen moved for a new trial, which was granted.

On December 2, 2015, Allen was released from custody.  And in July 2016, the trial court dismissed Allen's first degree murder charge.

On October 30, 2017, Allen brought an action against the City.  Allen alleged that the City and numerous employees of the City were responsible for his wrongful conviction for first degree murder.

On January 16, 2019, Allen entered into a $3 million settlement with the City and several employees of its police department.  Under the terms of the settlement agreement, Allen agreed to release any claims against the City and numerous city employees.  Allen received his settlement proceeds on January 29, 2019.

B.    ALLEN'S WCPA CLAIM AND PROCEDURAL HISTORY

On December 18, 2018, Allen filed this WCPA claim in Cowlitz County Superior Court seeking compensation from the State for his wrongful conviction for first degree murder.

On May 1, 2019, the State filed a motion for summary judgment, asking the trial court to dismiss Allen's WCPA claim. The State argued that Allen's claim for compensation is barred under the WCPA because of his settlement agreement with the City.[1] In response, Allen argued that his WCPA claim is a special proceeding under CR 81, and therefore, CR 56 did not apply. Allen also argued that the State's basis for dismissal was improper because the only basis for dismissal under the WCPA is a claimant's failure to satisfy statutory filing requirements or failure to establish the legal elements of a WCPA claim.

On October 31, the trial court ruled that CR 56 applied. The trial court also ruled that Allen no longer had a viable WCPA claim because of his settlement agreement with the City. Accordingly, the trial court granted the State's motion for summary judgment and dismissed Allen's WCPA claim.

On February 13, 2020, Allen moved for reconsideration of the trial court's order granting summary judgment. In his motion for reconsideration, Allen asked the trial court for an order declaring his innocence and to order re-entry services and tuition benefits under the WCPA. The trial court denied Allen's motion as untimely.

Allen appeals.

---

[1] Initially, the State filed a motion to dismiss. But because the State introduced evidence of Allen's settlement agreement, which is beyond the pleadings, the trial court converted the State's motion to dismiss to a motion for summary judgment. *See Brummett v. Washington's Lottery*, 171 Wn. App. 664, 673, 288 P.3d 48 (2012), *review denied*, 176 Wn.2d 1022 (2013).

ANALYSIS

A.   THE TRIAL COURT DID NOT ERR BY PROCEEDING UNDER CR 56

Allen argues that actions under the WCPA are "special proceedings" within the meaning of CR 81(a), and therefore, the trial court erred by applying CR 56 procedures for summary judgment rather than the statutory provisions governing dismissal of claims under the WCPA. We disagree.

1.   Legal Principles—Statutory Interpretation And CR 81

Allen's argument requires statutory interpretation. Statutory interpretation is a question of law we review de novo. *Jametsky v. Olsen,* 179 Wn.2d 756, 761, 317 P.3d 1003 (2014). The primary goal of statutory interpretation is to determine and give effect to the legislature's intent. *Id.* at 762. To determine legislative intent, we first look to the plain language of the statute. *Id.* "If the statute's meaning is plain on its face, we give effect to that plain meaning as the expression of what was intended." *TracFone Wireless, Inc. v. Dep't of Revenue,* 170 Wn.2d 273, 281, 242 P.3d 810 (2010).

In conducting a plain language analysis, we will not read statutory provisions in isolation. *Cannabis Action Coal. v. City of Kent*, 180 Wn. App. 455, 477, 322 P.3d 1246 (2014), *aff'd*, 183 Wn.2d 219, 351 P.3d 151 (2015). Rather, "'[w]e construe an act as a whole, giving effect to all the language used. Related statutory provisions are interpreted in relation to each other and all provisions harmonized.'" *Id.* (quoting *C.J.C. v. Corp. of Catholic Bishop of Yakima,* 138 Wn.2d 699, 708, 985 P.2d 262 (1999) (plurality opinion)).

The WCPA is codified under chapter 4.100 RCW and is civil in nature. In civil proceedings, the civil rules "govern the procedure in the superior court in all suits of a civil nature." CR 1.

Generally, CR 56 provides that summary judgment is proper when there are no genuine issues of material fact remaining and the moving party is entitled to judgment as a matter of law. CR 56(c). However, if the proceeding at issue is a "special proceeding," and the statutory provision at issue conflicts with the general civil rules, then under CR 81, the statutory procedure governs. *See In re Det. of Meints*, 123 Wn. App. 99, 103, 96 P.3d 1004 (2004).

CR 81(a) provides that

> *[e]xcept where inconsistent with rules or statutes applicable to special proceedings*, these rules shall govern all civil proceedings. Where statutes relating to special proceedings provide for procedure under former statutes applicable generally to civil actions, the procedure shall be governed by these rules.

(Emphasis added.) The term "special proceeding" is not further defined in the court rules. *Putman v. Wenatchee Valley Medical Ctr., P.S.*, 166 Wn.2d 974, 981, 216 P.3d 374 (2009).

In *Putman*, our Supreme Court defined "special proceedings" to

> include only those proceedings created or completely transformed by the legislature. This would include actions unknown to common law (such as attachment, mandamus, or certiorari), as well as those where the legislature has exercised its police power and entirely changed the remedies available (such as the workers' compensation system).

*Id.* at 982. "Washington courts have identified certain actions as special proceedings, including lien foreclosures, sexually violent predator petitions, garnishment, will contests, and unlawful detainer actions." *Id.* at 981.

2.      Actions Under The WCPA Are "Special Proceedings"

Allen contends that actions under the WCPA are "special proceedings." We agree.

In 2013, the Washington State Legislature enacted the WCPA. LAWS OF 2013, ch. 175. The legislature recognized that "[a] majority of those wrongly convicted in Washington state have no remedy available under the law for the destruction of their personal lives resulting from errors in our criminal justice system." RCW 4.100.010. Accordingly, the WCPA was enacted "to provide an avenue for those who have been wrongly convicted in Washington state to redress the lost years of their lives, and help to address the unique challenges faced by the wrongly convicted after exoneration." RCW 4.100.010.

The WCPA created a statutory right of action for those wrongly convicted. *See* RCW 4.100.010. Specifically, the WCPA permits "[a]ny person convicted in superior court and subsequently imprisoned for one or more felonies of which he or she is actually innocent [to] file a claim . . . against the state." RCW 4.100.020(1). Under the WCPA, wrongly convicted persons have a right to file a claim for compensation and other noneconomic benefits against the State, subject to certain requirements. *See* RCW 4.100.020(1), .040(1)-(4), .060.

Because a "special proceeding" includes proceedings "created or completely transformed by the legislature . . . as well as those where the legislature . . . entirely changed the remedies available," and because the WCPA created a statutory right of action for wrongly convicted individuals to seek compensation and other noneconomic benefits from the State that was previously unavailable, an action under the WCPA qualifies as a "special proceeding" under CR 81(a). *Putman*, 166 Wn.2d at 982; *see* RCW 4.100.060(5), (10). However, as discussed below,

even though a WCPA action is a "special proceeding" under CR 81(a), the trial court did not err by proceeding under CR 56(c).

        3.        Trial Court Did Not Err By Proceeding Under CR 56(c)—No Inconsistency

Allen contends that, because actions under the WCPA are "special proceedings" within the meaning of CR 81(a), the text of the statute should govern the permissible bases for dismissal rather than the "background civil rules." Br. of Appellant at 5. Specifically, Allen argues that RCW 4.100.040 and RCW 4.100.060 provide the *only* permissible bases for dismissal at the pre-trial stage, and by utilizing CR 56(c) procedures for summary judgment, the trial court erred. We disagree.

RCW 4.100.040 sets forth certain requirements in order for a WCPA claimant to have an "actionable claim." RCW 4.100.040(1). RCW 4.100.040 requires a claimant to establish that they meet certain filing requirements "by documentary evidence." RCW 4.100.040(1)(a)-(d). In addition to these requirements, a claimant must also "state facts in sufficient detail" that the claimant did not "engage in any illegal conduct alleged in the charging documents" or "commit or suborn perjury, or fabricate evidence to cause or bring about the conviction." RCW 4.100.040(2)(a), (b). A claimant must also independently verify their claim. RCW 4.100.040(4). "If the attorney general concedes that the claimant was wrongly convicted, the court must award compensation as provided in RCW 4.100.060." RCW 4.100.040(5). On the other hand,

> [i]f the attorney general does not concede that the claimant was wrongly convicted *and* the court finds after reading the claim that the claimant does not meet the filing criteria set forth in this section, [the court] may dismiss the claim, either on its own motion or on the motion of the attorney general.

RCW 4.100.040(6)(a) (emphasis added).

RCW 4.100.060 provides the legal elements and burden of proof that a claimant must establish in order to prevail on a WCPA claim. RCW 4.100.060(1)(a)-(e). If a claimant establishes the statutory requirements of RCW 4.100.060(1)(a) to (e) by clear and convincing evidence, then "the court must order the state to pay the actually innocent claimant" compensation outlined in RCW 4.100.060(5)(a) to (e), subject to the limitation set forth in RCW 4.100.060(4). RCW 4.100.060(5). However, if the claimant fails to establish the legal elements set forth in RCW 4.100.060(1)(a) to (e), then their claim fails and the claimant is not entitled to compensation. *See* RCW 4.100.060(1).

Here, the State did not seek dismissal based on Allen's failure to observe the WCPA filing requirements or evidentiary requirements in RCW 4.100.040 and RCW 4.100.060 discussed above. Instead, the State sought dismissal based on Allen's failure to meet RCW 4.100.080(1)'s exclusive remedy and waiver provision because of his settlement agreement with the City.

RCW 4.100.080(1) provides in relevant part that

> [i]t is the intent of the legislature that the remedies and compensation provided under this chapter shall be exclusive to all other remedies at law and in equity against the state or any political subdivision of the state. As a requirement to making a request for relief under this chapter, the claimant waives any and all other remedies.

Allen contends that RCW 4.100.080(1) is not a proper basis for dismissal at the pre-trial stage. But, as discussed above, we will not read statutory provisions in isolation. *See Cannabis Action Coal.*, 180 Wn. App. at 477. Rather, "we construe an act as a whole, giving effect to all the language used. Related statutory provisions are interpreted in relation to each other and all provisions harmonized." *Id.* (quoting *C.J.C.*, 138 Wn.2d at 708 (plurality opinion)). When read

as a whole, the statutory scheme of the WCPA permits a basis for dismissal when the claimant fails to meet the filing requirements, fails to meet the evidentiary requirements of a WCPA claim, or is unable to meet the exclusive remedy and waiver provision. *See* RCW 4.100.040, .060, .080. Nothing in the statutory scheme expressly or implicitly states otherwise.

Also, under CR 81(a), Allen must show how a specific statutory provision is inconsistent with the civil rules in order for the statutory procedure to displace the civil rule. *See* CR 81(a); *Meints*, 123 Wn. App. at 103-04. Thus, Allen must show that CR 56 is inconsistent with the WCPA in order to prevail on his argument that the specific text of the statute should govern rather than the "background civil rules." *See* CR 81(a); *Meints*, 123 Wn. App. at 103-04.

Allen explains at length the filing requirements provided in RCW 4.100.040 and RCW 4.100.060 and how they are different than what is required under the civil rules, but Allen does not show how CR 56 is inconsistent with the WCPA. Allen presents argument that there are different requirements between the WCPA and CR 8, CR 11, and CR 12, but he provides no argument as to how the requirements in RCW 4.100.040 and RCW 4.100.060 are inconsistent with CR 56.

RCW 4.100.040 and RCW 4.100.060 do not provide for certain procedural requirements. As discussed above, RCW 4.100.040 merely provides for certain requirements that a claimant must meet in order to maintain an "actionable claim." And RCW 4.100.060 merely provides the legal elements and burden of proof that a claimant must meet in order to prevail in a WCPA action. Because RCW 4.100.040 and RCW 4.100.060 do not set forth court procedures, there is no inconsistency between those statutory provisions and CR 56.

Because Allen reads RCW 4.100.040 and RCW 4.100.060 in isolation, does not harmonize the WCPA statutory scheme as required by the rules of statutory construction, and fails to show how CR 56 is inconsistent with the WCPA, we reject Allen's argument that RCW 4.100.040 and RCW 4.100.060 provided the only basis for dismissal because WCPA actions are "special proceedings."

B.      TRIAL COURT DID NOT ERR DISMISSING ALLEN'S WCPA CLAIM ON SUMMARY JUDGMENT

Allen argues that the statutory scheme requires the trial court to enter judgment in the claimant's favor when the claimant meets the filing requirements of RCW 4.100.040(1)(a) to (d) and evidentiary requirements of RCW 4.100.060(1)(a) to (e).  Then, only after judgment is entered in the claimant's favor, can the trial court consider applying RCW 4.100.080(1).  In other words, Allen contends that the trial court's inquiry as to whether a WCPA claimant can provide the statutory waiver in RCW 4.100.080(1) may only occur at the post-judgment stage, and therefore, the trial court erred by considering the statutory waiver in granting summary judgment.  We disagree.

1.      Legal Principles—Summary Judgment And Statutory Interpretation

We review an order granting summary judgment de novo.  *Wash. Fed. v. Azure Chelan, LLC*, 195 Wn. App. 644, 652, 382 P.3d 20 (2016).  Summary judgment is appropriate if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  CR 56(c).  "'A material fact is one upon which the outcome of the litigation depends.'"  *Wash. Fed.*, 195 Wn. App. at 652 (quoting *Kim v. O'Sullivan*, 133 Wn. App. 557, 559, 137 P.3d 61 (2006), *review denied*, 159 Wn.2d 1018 (2007)).  Where there are no disputed issues of material fact and

the issue is how the law applies to the facts of a case, the matter is treated as a question of law, which is reviewed de novo. *See Wash. Imaging Servs., LLC v. Dep't of Revenue*, 171 Wn.2d 548, 555, 252 P.3d 885 (2011).

Statutory interpretation is a question of law we review de novo. *Jametsky*, 179 Wn.2d at 761. We review a statute to determine and give effect to the legislature's intent by looking to the plain language of the statute. *Id.* at 762. "If the statute's meaning is plain on its face, we give effect to that plain meaning." *TracFone Wireless, Inc.,* 170 Wn.2d at 281. We turn to the dictionary to discern the plain meaning of terms with "well-accepted, ordinary" meanings. *State v. Alvarado*, 164 Wn.2d 556, 562, 192 P.3d 345 (2008).

Statutory provisions in are not read in isolation. *Cannabis Action Coal.*, 180 Wn. App. at 477. Rather, we construe a statute as a whole, harmonizing all provisions and giving effect to all the language used. *Cannabis Action Coalition*, 180 Wn. App. at 477. We also presume that the legislature does not intend absurd results and, where possible, we interpret ambiguous language to avoid an absurd result. *State v. Ervin*, 169 Wn.2d 815, 823-24, 239 P.3d 354 (2010).

2.      Allen's Interpretation Of The WCPA Statutory Scheme Is Unpersuasive

Allen's interpretation of how a case progresses under the WCPA statutory scheme is unpersuasive. Under Allen's interpretation, once a WCPA claimant has met the filing requirements under RCW 4.100.040(1), then the case must proceed to trial. At trial, the claimant must then establish all of the legal elements of RCW 4.100.060(1)(a) to (e) by clear and convincing evidence. If the claimant prevails in their WCPA claim, they are entitled to compensation under RCW 4.100.060(5). Then, only after going through all these steps and *after* judgment is entered,

11

can a trial court consider asking whether a claimant is barred from recovery under RCW 4.100.080(1). Allen's interpretation leads to an absurd result.

Nothing in the WCPA limits the trial court's ability to consider the application of RCW 4.100.080(1) to only the post-judgment stage. Instead, the statutory language allows the trial court to consider applying RCW 4.100.080(1) at the pre-trial stage.

RCW 4.100.080(1) provides, in relevant part, that

> [i]t is the intent of the legislature that the remedies and compensation provided under this chapter shall be exclusive to all other remedies at law and in equity against the state or any political subdivision of the state. *As a requirement to making a request for relief under this chapter, the claimant waives any and all other remedies, causes of action, and other forms of relief or compensation against the state, any political subdivision of the state, and their officers, employees, agents, and volunteers related to the claimant's wrongful conviction and imprisonment.* This waiver shall also include all state, common law, and federal claims for relief, including claims pursuant to 42 U.S.C. Sec. 1983. A wrongfully convicted person who elects not to pursue a claim for compensation pursuant to this chapter shall not be precluded from seeking relief through any other existing remedy. The claimant must execute a legal release prior to the payment of any compensation under this chapter.

(Emphasis added.) The term "requirement" means "something called for or demanded **:** a requisite or essential condition." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1929 (2002). The phrase "under this chapter" plainly refers to the entirety of the WCPA. The term "waive" means "to give up (as a position, custom, or intention)" or "to relinquish voluntarily (as a legal right) <~ a jury trial>." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 2570. Therefore, the plain meaning of RCW 4.100.080(1) makes it an essential condition for a WCPA claimant to voluntarily relinquish "any and all other remedies" when they make a request for relief under the Act.

The issue here is whether Allen can proceed with his claim for relief under the WCPA because he has already settled a wrongful conviction claim against the City and, as a result, he cannot provide the required statutory waiver. *See* RCW 4.100.080(1). It would be absurd to interpret the WCPA as requiring the question of whether a claimant can provide the required waiver to be addressed only in post-judgment proceedings rather than permitting a court to determine during the pre-trial stage of proceedings whether a claimant has already recovered compensation for their wrongful conviction claim and, therefore, cannot provide the waiver required under RCW 4.100.080(1). *See Ervin*, 169 Wn.2d at 823-24.

Allen contends that the specific text of RCW 4.100.040 and RCW 4.100.060 must control over any statement in RCW 4.100.080 of the legislature's intent regarding remedies and compensation under the WCPA. Essentially, Allen is asking this court to ignore the language in RCW 4.100.080 because it is merely a broad statement of intent. We decline the request to ignore the language in RCW 4.100.080.

"'The court's paramount duty in statutory interpretation is to give effect to the legislature's intent.'" *Larson v. State*, 9 Wn. App. 2d 730, 736-37, 447 P.3d 168 (2019) (quoting *In re Pers. Restraint of Nichols*, 120 Wn. App. 425, 431, 85 P.3d 955 (2004)), *review denied*, 194 Wn.2d 1019 (2020). "'Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" *G-P Gypsum Corp. v. Dept. of Revenue*, 169 Wn.2d 304, 309, 237 P.3d 256 (2010) (internal quotation marks omitted) (quoting *State v. J.P.,* 149 Wn.2d 444, 450, 69 P.3d 318 (2003)).

Here, we are not persuaded by Allen's argument because he asks us to ignore the first sentence of RCW 4.100.080(1), which would render language setting forth the legislature's intent meaningless. The Washington State Legislature clearly expressed its intent that the WCPA be the exclusive remedy for wrongfully convicted persons seeking redress against the State. *See* RCW 4.100.080(1) ("*It is the intent of the legislature that the remedies and compensation provided under this chapter shall be exclusive to all other remedies* at law and in equity against the state or any political subdivision of the state." (emphasis added)).[2] To accomplish that, the legislature requires a waiver effectuating the exclusive remedy provision as an essential condition to requesting relief under the WCPA. RCW 4.100.080(1). This interpretation is supported by *Larson*, which similarly read RCW 4.100.080(1) as "condition[ing] compensation on a wrongly convicted person's ability to provide an effective waiver and legal release of claims." *Larson*, 9 Wn. App. 2d at 743. Because Allen's argument would read language out of the WCPA, and because statutes must be interpreted to give effect to all language, Allen's argument fails.

---

[2] The dissent asserts that the language in RCW 4.100.080(1) does not say nor contains any language from which it can be implied that a person who first obtains some other remedy cannot make a WCPA claim. Dissent at 20-21. But the plain language of the statute is clear that the legislature intended the WCPA be an exclusive remedy. *See* RCW 4.10.080(1). If a person receives a remedy from a separate settlement and then attempts to seek a remedy under the WCPA, then the WCPA remedy is not exclusive, which is contrary to the plain language of RCW 4.100.080(1) stating the legislature's intent in passing the WCPA.

> 3. Allen's WCPA Claim Fails Because He Accepted A Settlement Agreement With The City

The State argues that, because Allen accepted a settlement from the City for the same wrongful conviction at issue here and because RCW 4.100.080(1) bars double recovery, the trial court did not err in granting summary judgment. We agree.

As noted above, RCW 4.100.080(1) provides that

> [i]t is the intent of the legislature that *the remedies and compensation provided under this chapter shall be exclusive to all other remedies at law and in equity* against the state or any political subdivision of the state. *As a requirement to making a request for relief under this chapter*, *the claimant waives any and all other remedies*, causes of action, and other forms of relief or compensation against the state, any political subdivision of the state, and their officers, employees, agents, and volunteers related to the claimant's wrongful conviction and imprisonment. *This waiver shall also include all state, common law, and federal claims for relief*, including claims pursuant to 42 U.S.C. Sec. 1983. *A wrongfully convicted person who elects not to pursue a claim for compensation pursuant to this chapter shall not be precluded from seeking relief through any other existing remedy*.[3] The claimant must execute a legal release *prior to the payment of any compensation* under this chapter.

(Emphasis added.)

RCW 4.100.080(1) includes an exclusive remedy provision, which states, "[T]he remedies and compensation provided under this chapter shall be exclusive to all other remedies at law and

---

[3] Based on this language, the dissent asserts that the WCPA is not an exclusive remedy and that a wrongfully convicted person can pursue remedies other than through the WCPA. Dissent at 20. But because the provisions in a statute must be harmonized and because the legislature clearly intended that the WCPA remedy be the exclusive remedy, this sentence in the statute is reasonably interpreted as applying only to persons who choose to not pursue a WCPA claim at all. In other words, only a person who elects to not pursue a WCPA claim is free to pursue other remedies. This interpretation aligns with the legislative intent that the WCPA be the exclusive recovery remedy for any wrongfully convicted person, not an additional remedy to all other remedies available.

in equity against the state or any political subdivision of the state." The well-accepted and ordinary meaning of "exclusive" means "SINGLE, SOLE." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 793. Therefore, the phrase "shall be exclusive to all other remedies at law and in equity" plainly means that the WCPA is the sole remedy for wrongfully convicted persons seeking redress against the State. However, RCW 4.100.080(1) also states that "[a] wrongfully convicted person who elects not to pursue a claim for compensation pursuant to this chapter shall not be precluded from seeking relief through any other existing remedy." These two provisions must be harmonized if possible. *Cannabis Action Coal.*, 180 Wn. App. at 477.

Taken together, RCW 4.100.080(1) provides that a person may maintain a WCPA claim and a non-WCPA claim at the same time. But if a person elects *relief* under the WCPA, then they forego all other available remedies, such as a settlement agreement with another entity that wrongfully prosecuted them or a lawsuit under 42 U.S.C. § 1983. This also applies vice versa: if a person elects the non-WCPA remedy, then they forego their WCPA remedy.

RCW 4.100.080(1) also includes a waiver provision. The statute provides that "[a]s a requirement to making a request for relief under this chapter, the claimant waives any and all other remedies."[4] RCW 4.100.080(1). RCW 4.100.080(1) plainly makes it an essential condition for a WCPA claimant to voluntarily relinquish "any and all other remedies" before they request relief under the Act.

---

[4] The dissent relies on this language to assert that a release from a prior non-WCPA settlement can be effective. Dissent at 21. However, the issue is not the effectiveness of the release from the City. The plain language of RCW 4.100.080(1) requires a person to waive all other remedies when attempting to pursue a WCPA claim. Here, Allen simply cannot provide the waiver required under the WCPA because he has already received a remedy against the City for his wrongful conviction.

16

Taking the exclusive remedy and waiver provisions together, the plain meaning of RCW 4.100.080(1) states that a person must relinquish their right to receive non-WCPA remedies if a person elects to pursue a WCPA claim. Conversely, if a person elects a non-WCPA remedy, then they relinquish their right to proceed under the WCPA because they cannot provide the required statutory waiver which effectuates the exclusive remedy provision. *See Larson*, 9 Wn. App. 2d at 741-43.

Here, the State moved to dismiss Allen's WCPA claim under RCW 4.100.080(1) because of his $3 million settlement with the City. Allen does not dispute the existence or validity of his settlement agreement with the City. Because there is no genuine issue of material fact with respect to the validity of the settlement agreement, the issue then becomes whether the State was entitled to judgment as a matter of law. *See Wash. Imaging Servs., LLC*, 171 Wn.2d at 555.

Under the plain language of RCW 4.100.080(1), if a person elects a non-WCPA remedy, then they relinquish their right to proceed under the WCPA because they cannot provide the required statutory waiver. *See Larson*, 9 Wn. App. 2d at 741-43. Because Allen elected to accept the settlement with the City, he waived his right to bring a WCPA action. RCW 4.100.080(1); *Larson*, 9 Wn. App. 2d at 741 ("Having settled their federal claims, the plaintiffs no longer had the ability to give up the relevant claims: they had already given them up."). Thus, the trial court did not err in granting summary judgment and dismissing Allen's WCPA claim.[5]

---

[5] Other language in RCW 4.100.080(1) provides further evidence that the legislature intended that claimants not recover under the WCPA if the claimant has recovered compensation for their wrongful conviction claim through other means. RCW 4.100.080(1) also states that "[a] wrongfully convicted person who elects not to pursue a claim for compensation pursuant to this chapter shall not be precluded from seeking relief through any other existing remedy." However,

4.    Declaratory Judgment And Noneconomic Benefits

Allen further argues that, even if he is not entitled to financial compensation under the WCPA, the trial court erred in dismissing his claim because he is still entitled to a judgment declaring him innocent and an order granting access to noneconomic benefits listed in RCW 4.100.060(5) and (10). We disagree.

Again, RCW 4.100.080(1) provides that "[i]t is the intent of the legislature that the remedies and compensation provided under this chapter shall be exclusive to all other remedies at law and in equity against the state or any political subdivision of the state." This language plainly means that the legislature intended the WCPA to be the sole remedy for wrongfully convicted persons seeking redress for a wrongful conviction. RCW 4.100.080(1). As discussed above, to interpret the exclusive remedy and waiver language in the statute to give effect to the legislature's intent, RCW 4.100.080(1) must be read to state that if a person elects a non-WCPA remedy, then they relinquish their right to proceed under the WCPA because they cannot provide the required statutory waiver which effectuates the exclusive remedy provision. *See Larson*, 9 Wn. App. 2d at 741-43. Thus, if a claimant elects to take a non-WCPA remedy, then they forego their WCPA remedy, which includes declaratory judgment and noneconomic benefits.

---

RCW 4.100.080(1)(a) and (b) also provide that if a claimant is awarded compensation under the WCPA and "receives a tort award related to his or her wrongful conviction and incarceration, the claimant must reimburse the state for the lesser of . . . [t]he amount of the compensation award . . . or . . . [t]he amount received by the claimant under the tort award." Thus, under the plain language of the statute, even if Allen were to have been successful in his WCPA claim, he would not have recovered any compensation under the WCPA because Allen would have recovered far less compensation under the WCPA than the $3 million he received in settlement with the City.

18

Here, the undisputed evidence shows that Allen entered into a settlement agreement with the City for $3 million for the same wrongful conviction at issue here. Because Allen entered into a settlement agreement concerning the same wrongful conviction and because a claimant foregoes their WCPA claim by accepting a non-WCPA remedy, Allen voluntarily relinquished his right to receive *any* relief under the WCPA. RCW 4.100.080(1). Accordingly, Allen's argument fails.

## CONCLUSION

In sum, there is no genuine dispute of material fact concerning the validity of Allen's settlement agreement with the City. And under RCW 4.100.080(1), a claimant is barred from recovering any relief under the WCPA if they elect to take a non-WCPA remedy. Because Allen elected to accept the non-WCPA settlement for the same wrongful conviction at issue here, Allen is barred from recovering any relief under the WCPA as a matter of law. RCW 4.100.080(1). Therefore, the trial court did not err in granting summary judgment and dismissing Allen's claim. Accordingly, we affirm the trial court's order granting summary judgment.

_____, C.J.
Lee, C.J.

I concur:

_____
Sutton, J.P.T.

No. 54172-6-II

MAXA, J. (dissenting) – The Wrongly Convicted Persons Act (WCPA), chapter 4.100 RCW, provides a somewhat confusing statutory scheme. But in an attempt to make sense out of the WCPA, the majority opinion reads language into the statute that simply is not there. Therefore, I dissent.[6]

RCW 4.100.080(1) states that the legislature intended WCPA compensation to be "exclusive to all other remedies at law and in equity against the state or any political subdivision of the state." But later, the same subsection states, "A wrongfully convicted person who elects not to pursue a claim for compensation pursuant to this chapter shall not be precluded from seeking relief through any other existing remedy." In other words, the statute shows that the WCPA is not the exclusive remedy. And "the WCPA allows for concurrent actions as long as the claimant does not both recover relief from the State or state actors and receive and retain compensation under the WCPA." *Larson v. State*, 9 Wn. App. 2d 730, 738, 447 P.3d 168 (2019), *review denied*, 194 Wn.2d 1019 (2020).

The law is clear when a person files a WCPA before obtaining any other remedy for being wrongly convicted. There is no question that under RCW 4.100.080(1), a person who files a WCPA claim "waives any and all other remedies, causes of action, and other forms of relief or compensation against the state, any political subdivision of the state, and their officers, employees, agents, and volunteers related to the claimant's wrongful conviction and imprisonment." And RCW 4.100.080(1) requires that the claimant must file a release of all claims.

_____

[6] I agree with the majority's ruling that the trial court did not err in proceeding under CR 56.

20

But what happens when, as in this case, the person obtains some remedy before filing a WCPA claim? The majority says the converse of the statement in RCW 4.100.080(1) is true: a person who first obtains some other remedy cannot make a WCPA claim. But RCW 4.100.080(1) does not come close to saying that, and does not contain any language from which this can be implied. RCW 4.100.080(1) simply does not address this situation.

I would interpret RCW 4.100.080(1) as requiring a WCPA claimant to waive and release all *remaining* – i.e., unsettled – claims against the State and its political subdivisions. It obviously would make no sense to require the claimant to waive claims that already have been settled. And nothing in RCW 4.100.080(1) prohibits a person from settling claims against the State and its political subdivisions and then filing a WCPA claim.

The court in *Larson* rejected this approach because once a person obtains a non-WCPA settlement, that person would not be able to waive or release any claims as the WCPA requires because those claims would already have been settled. 9 Wn. App. 2d at 739-42. But I disagree that a release cannot be effective just because there has been a prior settlement. What if the prior settlement is with just one of multiple liable parties? The waiver and release of claims still would be effective against the nonsettling parties.

The majority's interpretation is not particularly harmful under the specific facts of this case, where Allen was represented by counsel and obtained a $3 million settlement before filing a WCPA claim. But consider the case where an unrepresented person just released from prison enters into a de minimis settlement with a third party. Under the majority's interpretation, the

21

person would be barred from *any* recovery under the WCPA. I do not believe that the legislature intended such a draconian result.

However, I agree that the legislature's clear intent was that a claimant not obtain both another remedy and a WCPA remedy. *Larson*, 9 Wn. App. 2d at 738. The last part of RCW 4.100.080(1) provides for reimbursement to the State when a claimant recovers under WCPA and then recovers other remedies. I would hold that when a person obtains another remedy and then recovers under the WCPA, the claimant must reimburse the State for the lesser of the other recovery and the WCPA recovery.

_____
MAXA, J.